COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:       John Daniel Brooks v. The State of Texas

Appellate case number:    01-15-00062-CR

Trial court case number:  330063

Trial court:                      263rd District Court of Harris County

Appellant is represented by appointed counsel, Cheri Duncan. Appellant's brief was first due on January 28, 2016. On February 12, 2016, appellant requested an extension, which we granted until March 14, 2016. We noted that we would not grant additional motions absent a showing of extraordinary circumstances. On March 24, 2016, the Clerk of the Court notified appellant that the brief had not yet been filed and required a response within 10 days. *See* TEX. R. APP. P. 38.8(b)(2). No response to this notice was received and no brief has been filed.

Pursuant to Rule of Appellate Procedure 38.8, we must abate this appeal and remand the cases to the trial court for a hearing. *See* TEX. R. APP. P. 38.8(b)(2)–(3). We direct the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office, appointed counsel Duncan, and appellant shall be present.[1] The trial court shall have a court reporter record the hearing. The trial court is directed to make appropriate findings on these issues:

(1)   whether appellant wishes to prosecute this appeal; and, if so,

(2)   whether appointed counsel Duncan has abandoned the appeal by failing to timely file a brief on appellant's behalf;

(3)   and, if so, whether appellant is presently

---

1       If appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing. Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

(a) indigent, in which case the trial court should appoint new appellate counsel at no expense to appellant and establish a date by which counsel will file a brief, no later than 30 days from the appointment; or

(b) not indigent, in which case the trial court should establish a date by which appellant shall retain new counsel;

(4) or, if appointed counsel Duncan has not abandoned the appeals, make appropriate findings and recommendations regarding the reason that counsel has failed to file briefs and establish a date by which counsel will file appellant's brief, no later than 30 days from the date of the hearing.

TEX. CODE CRIM. PROC. ANN. arts. 1.051(d), 26.04; TEX. R. APP. P. 38.8(b)(2), (3), (4).

The trial court shall cause a supplemental clerk's record containing its findings and recommendations, including the name, address, telephone number, and State Bar number of any substitute counsel, and the reporter's record of the hearing to be filed in this Court **no later than May 17, 2016.** If the hearing is conducted by video teleconference, a certified video recording of the hearing shall be filed in this Court no later than May 17, 2016.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when a supplemental clerk's record that complies with this order, and the reporter's record of the hearing, have been filed in this Court. The trial court coordinator shall set a hearing date and notify the parties and the Clerk of this Court of such date**.**

It is so ORDERED.

Judge's signature: /s/ Rebeca Huddle
           ☒    Acting individually

Date: April 19, 2016